IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-384 |
| | § | C.A. No. C-05-146 |
| JUVENAL PINEDA-BENITEZ, | § | C.A. No. C-05-180 |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant Juvenal Pineda-Benitez's ("Pineda-Benitez) motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 17).[1] The government has filed an answer and a motion to deny relief under Rule 8(a) of the Rules Governing § 2255 Proceedings. (D.E. 21). For the reasons set forth below, the Court GRANTS the government's motion to dismiss, and DENIES Pineda-Benitez's motion. Additionally, the Court DENIES Pineda-Benitez a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

Pineda-Benitez was charged in a one-count indictment on December 10, 2003 with

---

[1] Dockets entries refer to the criminal case, C-03-cr-384. Because Pineda-Benitez filed two separate motions, see infra at 2-3 & n.3, two different civil case numbers were assigned. Rather than consolidating the two cases, the Court simply enters this order and final judgment in both.

1

being unlawfully found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 1). On January 20, 2004, he pleaded guilty to the charge. (D.E. 7). There was not a written plea agreement. (D.E. 7).

On April 22, 2004, Pineda-Benitez was sentenced by this Court to sixty-three months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. The Court also imposed a special assessment of $100. (D.E. 12, 13). Judgment of conviction was entered on April 28, 2004. (D.E. 13). Pineda-Benitez did not appeal.

On March 21, 2005, Pineda-Benitez filed the pending motion for relief pursuant to § 2255. (D.E. 14). That motion was deficient because it was not signed. (D.E. 16). He filed a signed § 2255 motion on April 14, 2005, which was different from the original both in the order of his arguments and in that it contained an additional ground for relief.[2] (D.E. 17). His motion is timely. The government filed a response and a motion to dismiss on June 15, 2005. (D.E. 21).

### III. MOVANT'S ALLEGATIONS

In his motion,[3] Pineda-Benitez asserts three grounds for relief.[4] First, he argues that

---

[2] The Court's order for the government to respond referred only to Pineda-Benitez's March 21, 2005 motion, and thus the government has responded only to the claims therein. Nonetheless, the Court also addresses Pineda-Benitez's additional claim raised only in his signed motion, D.E 17.

[3] The Court utilizes his signed April 14, 2005 motion. See supra note 2.

[4] His motion actually lists four grounds, but the first and third of those, both of which challenge his sentence based on Booker, are collectively herein referred to as his first ground.

this Court's use of his prior felony convictions to enhance his sentence under violated his Sixth Amendment rights.  He relies for support on <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).   He argues that his sentence is unconstitutional because it was imposed pursuant to the mandatory guideline system held unconstitutional in <u>Booker</u>.

Second, he argues that his sentence is unconstitutional because it exceeds the two-year maximum term of imprisonment set forth in 8 U.S.C. § 1326.  He relies for support on the fact that the indictment did not allege that he had been previously convicted of an "aggravated felony," for which his sentence was enhanced under 8 U.S.C. § 1326(b)(2). Thus, he argues, his sentence was illegally enhanced.

Third,[5] he argues that the government violated his rights under the "Vienna Convention Treaty on Consular Relations."  As discussed in detail herein, none of Pineda-Benitez's grounds entitle him to relief.

## IV. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir.

---

[5] His motion lists this ground as his fourth.  <u>See</u> <u>supra</u> note 4.

1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

## B.     Procedural Bar

All of Pineda-Benitez's grounds for relief are arguments that should have been raised on direct appeal. Because he failed to appeal them, they are procedurally barred from consideration here. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).

A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice or (2) that he is factually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999). Pineda-Benitez makes no argument that he is actually innocent. Rather, he simply states that he did not present any of these grounds because he did not appeal or challenge his sentence. (D.E. 17 at 6). The fact that he did not appeal does not explain why he failed to appeal or to raise these grounds on appeal. Thus, he has not even alleged – let alone shown – cause and prejudice for his failure. All of his grounds for relief thus fail because they are procedurally barred. Even if properly before the Court, however, these claims fail on their merits, as discussed

herein.

**C.     Booker claim**

The Fifth Circuit has recently squarely held that Booker is not retroactively applicable on collateral review. United States v. Gentry, __ F.3d __, 2005 WL 3317891, at *6 (5th Cir. Dec. 8, 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Accordingly, in cases like Pineda-Benitez's, where the defendant's conviction became final before Booker was decided, the defendant is not entitled to relief under Booker. Gentry, 2005 WL 3317891, at *4 & n.2 (5th Cir. 2005). Accordingly, Pineda-Benitez's claim pursuant to Booker fails.

**D.     Constitutionality of Sentencing Under 8 U.S.C. § 1326(b)(2)**

Pineda-Benitez's second claim is that the maximum sentence he should have received was two years pursuant to 8 U.S.C. § 1326(a), because the indictment did not allege that he had been convicted of an "aggravated felony" prior to his deportation from the United States and his illegal reentry into the United States. He appears to be challenging his sentencing under the felony conviction provisions of 8 U.S.C. § 1326(b).[6] Construing his motion liberally, he argues that the enhancements permitted to a sentence

---

[6] Subsection (b) increases the criminal penalties for reentry of certain removed aliens. The provision under which Pineda-Benitez was convicted (b)(2), provides that any alien described in subsection (a) "whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2). Thus, the statutory maximum for the offense was twenty years. See also PSR at ¶ 35.

under subsection (b) are elements of the offense that must be found by a jury beyond a reasonable doubt.  The Supreme Court held to the contrary in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Specifically, the Almendarez-Torres Court held that Congress intended to set forth a sentencing factor in 8 U.S.C. § 1326(b)(2) and not a separate criminal offense.  Id.

It is true that one member of the five-member majority in Almendarez-Torres, Justice Thomas, has since repudiated that holding.  See Shepard v. United States, 125 S. Ct. 1254, 1264 (2005)(THOMAS, J., concurring) ("Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided.". ...   The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.") (internal citations omitted).  Nonetheless, this Court remains bound by the precedent sent forth in Almendarez-Torres.  United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (lower courts are "required" to follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it'") (citations omitted).  The current law on this issue thus precludes any relief for Pineda-Benitez on his second claim.

**E.     Alleged Violation of the Vienna Convention**

In his final ground for relief, Pineda-Benitez argues that the government violated his rights under the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T.

77. Although he alleges that his rights under Article 36 of that Convention were violated,[7] he provides no detail or factual allegations in support of this claim. In addition to being barred due to his procedural default, therefore, his claim fails for this reason. See United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (conclusory allegations on a critical question do not raise a constitutional issue). Moreover, the Fifth Circuit has recently reaffirmed that, until the Supreme Court or an *en banc* Fifth Circuit concludes otherwise, the Fifth Circuit's conclusion that the Vienna Convention does not confer individually enforceable rights remains good law. Cardenas v. Dretke, 405 F.3d 244, 253 (5th Cir. 2005) (citing United States v. Jimenez-Nava, 243 F.3d 192, 198 (5th Cir. 2001). For all of these reasons, Pineda-Benitez's third claim fails.

**F.   Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Pineda-Benitez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to

---

[7] The Vienna Convention is a 79-article treaty ratified by the United States in 1969. Article 36 of the treaty provides that a consular officer of a signatory state shall have the right to visit one of its citizens who has been detained in another signatory state in order "to converse and correspond with him and to arrange for his legal representation," and also requires the detaining state to inform the person concerned about his rights "without delay." See generally Cardenas v. Dretke, 405 F.3d 244, 251 (5th Cir. 2005)

determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Pineda-

Benitez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 123 S. Ct. at 1034 (citing Slack, 529 U.S. at 484, 120 S. Ct. at 1604). Similarly, as to those claims that this Court has addressed on procedural grounds, the Court finds that Pineda-Benitez cannot establish either of the Slack criteria. That is, jurists of reason would not debate whether he has stated a valid claim of the denial of a constitutional right, nor would they find this Court's procedural rulings debatable. Accordingly, Pineda-Benitez is not entitled to a COA as to his claims.

## V. CONCLUSION

For the aforementioned reasons, the government's motion to dismiss (D.E. 21) is GRANTED and Pineda-Benitez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 17) is DENIED. Additionally, Pineda-Benitez is DENIED a Certificate of Appealability.

Ordered this 18th day of January, 2006.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE